No. 90-170

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

STATE OF MONTANA,

      Plaintiff and Respondent,

-vs-

THOMAS TUMBLESON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Edward P. McLean, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        William Boggs, Attorney at Law; Missoula, Montana;
Wendy Holton, Attorney at Law; Helena, Montana.

    For Respondent:

        Hon. Marc Racicot, Attorney General, Helena Montana;
Carol E. Schmidt, Assistant Attorney General,
Helena, Montana; Robert L. "Dusty" Deschamps III,
County Attorney, Missoula, Montana; Fred Van
Valkenburg, Deputy County Attorney, Missoula,
Montana.

Submitted on briefs: May 31, 1991

Decided: July 30, 1991

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

A jury trial was held in the District Court for the Fourth Judicial District, Missoula County, and defendant, Thomas Edward Tumbleson, was convicted of one count of felony theft and one count of misdemeanor theft. Defendant appeals. We affirm.

The sole issue for our review is whether the District Court erred by not instructing the jury, on its own motion, on the defense of consent as it relates to theft.

Defendant lived with his girlfriend, Donna Hatton (Ms. Hatton). Ms. Hatton testified she allowed defendant to use her car, a 1983 Chevrolet Citation, when defendant needed it.

On September 3, 1989, at approximately 1:00 p.m., Ms. Hatton allowed defendant to use her car to "go to the store". Ms. Hatton testified she assumed defendant was going to a local store and "didn't expect him to be gone real long". When defendant had not yet returned by about 8:00 p.m., she went to the sheriff's office to report that her car was stolen, including some art supplies that were in the car. Because it was the Labor Day holiday weekend, Ms. Hatton gave her statement but was told to return on Tuesday morning to speak with Detective Jackson. Subsequent to giving her statement, Ms. Hatton discovered other items missing, including her 19" Hitachi television. When she returned to the sheriff's office on Tuesday morning, she reported the television set missing. Ms. Hatton testified that defendant had keys to both her car and the storage unit from which the television was taken and that the disappearance of the car and the television were probably

connected.

Instead of going to a local store, defendant drove to Great Falls and two days later sold Ms. Hatton's car to Steve Edwards and Anita Walraven for $800. Ms. Walraven paid $100 to defendant as a down payment and took possession of the car. She testified that she was unsure about when and how the title was going to be transferred to her.

On September 11, 1989, eight days after the defendant left Missoula with Ms. Hatton's car, defendant telephoned her from Great Falls. When defendant learned from Ms. Hatton that she had reported her car stolen, he requested that she meet him in Great Falls to retrieve the car. When Ms. Hatton told defendant she was unable to do that, defendant informed her that he left the car with a friend. Defendant returned to Missoula and was on his way to Ms. Hatton's house when he was arrested on September 12, 1989.

Defendant called Ms. Hatton from the jail to let her know where her car was and how to contact the people who had it. He also contacted Mr. Edwards. The next day, Mr. Edwards and Ms. Walraven turned the car over to the Cascade County Sheriff's Department because they "believed that the car did not belong to the [defendant]".

Defendant also informed Ms. Hatton that he had sold her television set at the Circle Square Pawn Shop in Missoula. Ms. Hatton relayed this information to Larry Jackson, a detective for the Missoula County Sheriff's Department. Detective Jackson informed Ms. Hatton that her car had been turned in to the Cascade

3

County Sheriff's Office and that she could pick it up there.

Ms. Hatton testified as follows:

Q. On this particular occasion did you give [defendant] permission to take the car to Great Falls?

A. No, I didn't.

Q. Was in your mind that outside the scope of your authorized use of the car when he said he was going to take it to the store? [sic]

A. Perhaps, but I feel that if I had known that he was there, I may not have filed this report as soon as I did.

Q. And did you at any time give him permission to sell this car?

A. No, I did not.

Ms. Hatton further testified that she had never given defendant permission to sell her television.

Defendant was charged with one count of misdemeanor theft and one count of felony theft. The jury found him guilty on both counts. He was sentenced to 10 years in the Montana State Prison for the felony with 5 years suspended; and six months in the Missoula County Jail for the misdemeanor, with the sentences to run concurrently. He was also designated a dangerous offender for parole purposes. Defendant appeals.

Defense counsel did not offer an instruction on the defense of consent. However, on appeal defendant maintains that it was reversible error for the District Court to have failed to give such an instruction on its own motion. Defendant maintains that the

sale of the car to Mr. Edwards and Ms. Walraven could be better construed as a conditional sale since the title was not transferred. He further argues that the record is clear that he made no attempt to keep his identity a secret in either the sale of the car or the television. He maintains that the fact that Ms. Hatton asked to have the charges dropped after his arrest is evidence that she consented to the sale of both the car and the television.

Section 45-2-211, MCA, provides (in part):

(1) The consent of the victim to conduct charged to constitute an offense or to the result thereof is a defense.

Defendant maintains that consent is a complete defense to theft. He contends that had an instruction on consent been given as it relates to theft, a rational trier of fact could have concluded that the sale of the television set was not beyond the scope of his authority. He maintains that because consent was raised by the evidence in this case, the District Court had an obligation to instruct on that issue regardless of the failure of defense counsel to request such an instruction. He relies on case law that supports the proposition that a district court has a duty to instruct the jury on every issue or theory having support in the evidence.

Instruction No. 10 as given to the jury included the following provisions of § 45-6-301(1)(c), MCA:

(1) A person commits the offense of theft when he purposely or knowingly obtains or exerts unauthorized control over property of the owner and:

5

(c) uses, conceals, or abandons the property knowing such use, concealment, or abandonment probably will deprive the owner of the property. (Emphasis added).

The State urges that the jury, by a verdict of guilty, found beyond a reasonable doubt that defendant had exerted unauthorized control over the car and television at the time he sold them or attempted to sell them -- in other words, he acted without the consent of the victim. The State maintains that when viewing the instructions as a whole, the jury was fully and fairly apprised of the elements of the crime and thus, the defense of consent.

Defendant incorrectly contends that consent was raised by the evidence in this case. A careful review of the record establishes a failure to present any evidence of consent on the part of Ms. Hatton to the conduct charged as the offense on the part of the defendant. We conclude that the District Court was under no obligation to instruct on a theory which had not been established by evidence.

We hold that the District Court did not err by not instructing the jury, on its own motion, on the defense of consent as it relates to theft.

Affirmed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices